Dear Peter Franchot
You have asked our opinion whether a proposed Baltimore City regulation prohibiting the sale of cigars in packages of less than five would be preempted by State law.
In our opinion, the proposed regulation is not preempted by State law.
 I Background
Your request was prompted by a proposed Baltimore City Health Department regulation. Citing to his authority under the Baltimore City Health Code, [1] the Baltimore City Health Commissioner determined that cheap, individually sold cigars pose a public health hazard and nuisance. Pursuant to § 2-106 of the Baltimore City Health Code, he proposed to adopt a regulation banning the sale of cheap cigars in very small quantities. The proposed regulation would prohibit:
 A. a retailer from purchasing from a tobacco product manufacturer or wholesaler or sell, resell, distribute, dispense, or give away to any person a package of cigars containing less than 5 cigars;
 B. a retailer from selling, reselling, distributing, dispensing, or giving *Page 150 
away to any person a package of cigars unless in the original packaging from the product manufacturer; and
 C. a wholesaler from selling, reselling, distributing, dispensing, or giving away to any person in Baltimore City a package of cigars containing less than 5 cigars.
See Baltimore City Health Department, Proposed Regulation Banning theSale of Single Cheap Cigars in Baltimore City (May 28, 2008) at p. 10. Excepted from the regulation are tobacconists and premium cigars that are rolled in whole leaf tobacco and sold for at least $2 each at wholesale. Id.
Explaining the need for the regulation, the Health Commissioner noted that, although State law requires the sale of cigarettes in packs of 20 or more, [2] no similar State law addresses the sale of cigars.Id. at 1. As a result, according to the Health Commissioner, individual cigars are sold widely in Baltimore City. He noted that vendors often open packages of 5 or 20 cigars and sell the contents individually.Id. He suggested that the availability of cheap cigars in small quantities is responsible in part for a national trend of increased use of cigars by young people, in contrast to a decline in cigarette use by the same age group over the same period of time. Id. at 4-8.
 II Preemption Analysis
You have asked whether the proposed City ordinance is preempted by State law. The doctrine of preemption is predicated on the ground that the General Assembly may reserve to itself exclusive dominion over an entire field of legislative concern. As we recently noted, a local law may be preempted by State law expressly, by conflict, or by implication. 93 Opinions of the Attorney General 126, 130 (2008). *Page 151 
There is no express provision in State law prohibiting a local jurisdiction from enacting a health regulation related to cigars. Neither is there any State law or regulation that is in direct conflict with the proposed City regulation. Thus, the answer to your question depends on whether or not the proposed regulation is implicitly preempted by State law.
There is preemption by implication when an entire field of law is comprehensively occupied by legislative action by the General Assembly.See Allied Vending, Inc. v. City of Bowie, 332 Md. 279, 631 A.2d 77
(1993). For example, in Allied Vending, two municipalities had enacted ordinances restricting the location of State-licensed cigarette vending machines. The Court of Appeals extensively reviewed the "comprehensive provisions" in State law regulating the sale of cigarettes through vending machines in Maryland. 332 Md. at 288-94. It held that "in light of the comprehensive state-licensing scheme for cigarette vending machines provided [in State statutes], . . . the sale of cigarettes through cigarette vending machines is one of those `area[s] in which the Legislature has acted with such force that an intent by the State to occupy the entire field must be implied. . . .'" Id. at 300 (citations omitted). However, the Court's holding in Allied Vending does not preclude all local regulation of tobacco products. See Penn Advertisingof Baltimore, Inc. v. Mayor and City Council of Baltimore,862 F. Supp. 1402, 1420-21 (D.M d. 1994), aff'd, 63 F.3d 1318, 1324-25
(4th Cir. 1995), vacated and remanded on othergrounds, 518 U.S. 1030 (1996), adopted as modified on othergrounds, 101 F.3d 332 (4th Cir. 1996) (local ordinance concerning cigarette advertising not preempted by State law underAllied Vending); 78 Opinions of the Attorney General 359, 362 (1993) ("Allied Vending itself neither holds nor suggests that any other kind of tobacco-related local enactment is preempted by State law").
In contrast to the extensive regulation of cigarettes under the Commercial Law Article[3] and Title 16 of the Business Regulation Article ("BR") and the corresponding regulations, there is relatively little regulation of the sale of "other tobacco products," a category that includes cigars, under State law. Apart from the imposition of taxes and the prohibition on sales to minors, the General Assembly has not extended State regulation of tobacco products to encompass sales of cigars. See Annotated Code of Maryland, Tax-General *Page 152 
Article, § 12-101(c) (cigars included in definition of "other tobacco products" for purposes of taxation); BR § 16-3A-01(c) (cigars included in definition of "tobacco product" for purposes of State law limiting access of minors to tobacco product vending machines); Criminal Law Article, §§ 10-107, 10-108 (prohibiting sales of "tobacco products," including cigars, to minors).[4] While not itself dispositive of the question of preemption, it is notable that the General Assembly recently declined to enact proposed legislation that would have specifically regulated the sale of cigars in small quantities. See House Bill 20/Se n ate B ill 2 3 (20 07 Special Session); House Bill 609 (2008).
In analogous circumstances, prior opinions of this Office have analyzed whether local ordinances restricting smoking in public places or in private residences would be preempted by State law. A 1993 opinion surveyed the "disparate group" of State statutes restricting smoking and concluded:
 The Legislature has simply not addressed the question of smoking in a host of public places not encompassed by any of these enactments. We discern no evidence of legislative intent to preclude local governments with home rule power from exercising that authority as to the unaddressed problem of smoking in public places generally.
78 Opinions of the Attorney General 359, 372-73 (1993). A similar conclusion was reached as to local regulation of smoking in private residences. 87 Opinions of the Attorney General 167 (2002).
With respect to sales of cigars, there is "no indicia of a legislative purpose to preempt an entire field," nor has the General Assembly "acted with such force that an intent by the State to occupy the entire field must be implied." Allied Vending, Inc., 332 Md. at 299, 300 (citations omitted). In our view, the General Assembly has not preempted local regulation by implication. Accordingly, the limited regulation of the sale of cigars under State law does not prevent a local jurisdiction with home rule power, such *Page 153 
as Baltimore City, from exercising its authority to regulate the sale of cigars in packages of less than five.[5]
 III Conclusion
In our opinion, the proposed regulation is not preempted by State law.
 Douglas F. Gansler Attorney General
 Brian Oliner Assistant Attorney General
 Robert N. McDonald Chief Counsel Opinions and Advice
[1] Baltimore City Code, Health Article, §§ 2-104, 2-105(5), and 5-101(b).
[2] See Annotated Code of Maryland, Commercial Law Article, § 11-5A-01et seq.
[3] See Annotated Code of Maryland, Commercial Law Article, § 11-501et seq. (Cigarette Sales Below Cost Act), § 11-5A-01 et seq.
(restricting sales of cigarettes to packs of at least 20 cigarettes).
[4] The proposed City regulation would not affect the applicable tax or the collection and remission of that tax. Nor is it at odds with the State restrictions on vending machines or sales to minors.
[5] We express no opinion as to the Health Commissioner's regulatory authority under the City Charter or ordinances — an issue of local law on which we traditionally defer to the opinion of the attorney for the local jurisdiction. *Page 154